UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Associated Community Services, Inc.,

    Debtor.

                                     Case No.: 17-mc-50420
                                     Honorable Gershwin A. Drain

## ORDER REGARDING REPORT AND RECOMMENDATION OF CHIEF BANKRUPTCY JUDGE PHILLIP J. SHEFFERLY

**I.    INTRODUCTION**

Presently before the Court is Chief Bankruptcy Judge Phillip J. Shefferly's Report and Recommendation, filed on March 23, 2017. Chief Bankruptcy Judge Shefferly recommends that this Court issue a *writ of habeas corpus ad testificandum* to the Bureau of Prisons and the United States Marshal Service to produce Kleppe Houston, a federal prisoner, to testify at trial in the bankruptcy court on an objection to a proof of claim filed by the Internal Revenue Service ("IRS") in the Chapter 11 bankruptcy case that is before Chief Bankruptcy Judge Shefferly. *See* case number 14-44095-PJS, *In re: Associated Community Services, Inc*.

Because there is no clear authority for a bankruptcy court to issue a *writ of*

*habeas corpus ad testificandum* to produce an incarcerated person to testify at trial, the IRS filed a motion before Chief Bankruptcy Judge Shefferly requesting that he make a report and recommendation to this Court to issue a *writ of habeas corpus ad testificandum* to produce Mr. Houston as a witness at trial on the claim objection. The debtor consents to the relief sought by the IRS.

## II.   BACKGROUND

The debtor is engaged in the business of soliciting donations for charities and non-profit organizations by direct mail and telephone. On March 13, 2014, the debtor filed a Chapter 11 case. At that time, the debtor was involved in a dispute with the IRS regarding the non-payment of withholding taxes for the debtor's employees. Following the filing of the Chapter 11 petition, the IRS filed a proof of claim in the case in an amount in excess of $15 million. The debtor filed an objection to the IRS's proof of claim and the parties have vigorously litigated the claim objection. The claim objection is now scheduled for trial before Chief Bankruptcy Judge Shefferly on May 3, 4, and 5, 2017, beginning at 9:30 a.m. each day.

One of the central issues in the case is whether the debtor should be considered an employer responsible for payment of withholding taxes under 26 U.S.C. § 3401(d), or whether CO-HR, LLC, a limited liability company hired by the debtor to perform various services for the debtor, should instead be held

responsible for payment of the withholding taxes. Mr. Houston is the person who formed and managed CO-HR, LLC, and he is a key witness whose testimony is needed to resolve the claim objection. However, Houston is currently a federal prisoner serving a sentence that will end in January of 2018.

### III. LAW & ANALYSIS

Custodians of incarcerated persons may be compelled to produce a prisoner as a witness in a civil proceeding through the issuance of a *writ of habeas corpus ad testificandum*. *See Ketchum v. Khan*, No. 10-cv-14749, 2016 WL 6441255, *4 (E.D. Mich. Nov. 1, 2016) (finding that a district court has the inherent authority to issue the writ to compel the presence of an incarcerated person for testimony in a civil proceeding). The authority for a court to issue the writ in furtherance of civil proceedings stems from the federal habeas statute, 28 U.S.C. § 2241(c) (5), together with the All Writs Act, 28 U.S.C. § 1651(a).

"An application for a *writ of habeas corpus ad testificandum* is addressed to the discretion of the court." *Cuckovich v. United States*, 170 F.2d 89, 90 (6th Cir. 1948)(citations omitted). "[A] court should issue a writ that requires the production of a prisoner only in those cases where the prisoner's physical presence will contribute significantly to a fair adjudication of his claims." *Holt v. Pitts*, 619 F.2d 558, 561 (6th Cir. 1980). Other factors a court may consider include the "'potential danger or security risk,'" "'the need for an early determination of the

matter,'" and "'the possibility of delaying trial until the prisoner is released.'" *Id.* at 561-62.

Here, the Court finds that Mr. Houston's testimony "will contribute significantly to a fair adjudication of his claims." *Id.* His personal knowledge regarding the disputed material issues raised by the claim objection is unique and not available from any other witness. Houston provided deposition testimony in the bankruptcy case which conflicts with the deposition testimony of other witnesses regarding the nature and extent of the relationship between the debtor and CO-HR, LLC. As such, the bankruptcy court will be required to assess Mr. Houston's and the other witnesses' credibility in order to resolve the conflicting evidence. The claim objection has been fiercely litigated for three years and all pretrial matters are concluded and the parties are ready for trial. Since Mr. Houston is not due to be released until January of 2018, waiting until his release will significantly delay the trial and increase the parties' expenses and potentially harm the debtor's confirmed plan. Additionally, there is no evidence that production of Mr. Houston will pose a security risk.

## IV. CONCLUSION

Accordingly, the Court will issue a *writ of habeas corpus testificandum* to the Warden of the Federal Correctional Institute at Milan and the United States Marshal Service to produce Kleppe Houston to testify in the bankruptcy court on

May 3, 4, and 5, 2017, beginning each day at 9:30 a.m.

The Clerk of this Court shall transmit this Order and the *Writ of Habeas Corpus Ad Testificandum* to the United States Bankruptcy Court for the Eastern District of Michigan.

SO ORDERED.

Dated:  March 24, 2017                                          /s/Gershwin A. Drain
                                                                             GERSHWIN A. DRAIN
                                                                             United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 24, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk